**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MARIE B. HOUGHTON,**

      **Plaintiff,**　　　　　　　　　　　　Civil Action No. 04-CV-70370-DT
　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Denise Page Hood

v.

**CABRERA & ASSOCIATES,**

      **Defendant.**
_____/

**MEMORANDUM OPINION & ORDER GRANTING IN PART
PLAINTIFF'S PETITION FOR COSTS AND FEES**

**I.　　INTRODUCTION**

This matter is before the Court on Plaintiff's Petition for Costs and Fees, filed November 15, 2004. On November 4, 2004, a jury found in favor of Plaintiff on both her claim and Defendant's counter-claim, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Though the statute allows a maximum award of $1000 in damages for a prevailing plaintiff, Plaintiff was awarded no pecuniary damages by the jury.

The FDCPA entitles a prevailing debtor to "the costs of the action, together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a)(3). The amount of such costs and fees is to be calculated by the district court in its sound discretion. *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). Plaintiff requests $20,400.00 in attorney's fees, resulting from having spent 81.60 hours working on the case multiplied by a $250 hourly rate. (Pl.'s Pet. at 15.) Defendant opposes Plaintiff's Petition on several grounds. First, Defendant argues Plaintiff is not a successful party entitling her to attorney's fees and costs. Next, Defendant states

if fees are granted, the amount should be reduced by the time spent defending the counter-claim. As a final alternative, Defendant alleges the hourly rate should be reduced because it is in excess of the proper hourly rate.

## II.     APPLICABLE LAW & ANALYSIS

### A.     Prevailing Party under the FDCPA

Plaintiff is clearly the prevailing party in this instance.  Though the jury chose not to award her monetary damages, the jury found in Plaintiff's favor.  More specifically, the jury found Defendant had violated the FDCPA by their actions in attempting to collect a debt found not owing from Plaintiff.  Even more compelling is that the jury found in favor of Plaintiff with respect to Defendant's $4,000 counter-claim.  *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996), cited by Defendant for the proposition that a defendant found not liable for actual or additional damages cannot be regarded as the prevailing party, is unpersuasive in this matter.  In *Johnson*, the court specifically found defendant's conduct constituted mere technical violations of the FDCPA, insufficient to support an award of actual or additional damages.  *Id.* at 151.  Because of this fact, the court held the plaintiff did not meet the "explicit requirements" of the FDCPA.  *Id.*

There is nothing in this instance indicating the jury found Defendant's violations of the FDCPA merely technical.  More importantly, several courts have expressly rejected the reasoning in *Johnson*.  In *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997), the court stated "the award of attorney's fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory."  *Id.* at 1166 (citing cases).  In a footnote, *Zagorski* noted other circuits agreeing with the mandatory nature of a fee award to plaintiffs bringing successful actions under the FDCPA.  *Id.* at 1166 n.3 (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir.

1989); *Emanuel v. American Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628-29 (4th Cir. 1995); *Graziano v. Harrison*, 950 F.2d 107, 114 n.13 (3d Cir. 1991); *de Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 233-34 (1st Cir. 1990)).

Other courts have also declined to follow *Johnson*. In *Hall v. Harelysville Ins. Co.*, a district court case from Pennsylvania, the court quickly dismissed *Johnson*, writing "[w]ithout engaging in an extended discussion of this argument, we simply note that we agree with Plaintiffs that *Johnson* is neither binding nor persuasive." 943 F. Supp. 536, 546 (E.D. Pa. 1996). The Seventh Circuit discussed the issue in more depth in *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662 (7th Cir. 2001). *Crabill* summarized the issue as follows:

> cases interpreting the . . . Fair Debt Collection Practices Acts . . . hold that proof of liability without more entitles the plaintiff to an award of costs and attorney's fees, in the absence of bad conduct by the plaintiff or other unusual circumstances. We have repeated this several times with reference to the Fair Debt Collection Practices Act, and although *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996), reached the opposite result . . . we declined . . . to follow *Johnson*. These cases (all but *Johnson* of course) say that a "successful" action within the meaning of these statutes is merely one that establishes liability. *That the plaintiff has no or merely nominal damages is irrelevant.*

*Id.* at 666 (internal citations omitted) (emphasis added).

In the face of such opposition to the holding of *Johnson v. Eaton*, the sole case supporting Defendant's reading of the FDCPA, the Court rejects Defendant's argument. A case from this Circuit considered a similar attorney's fees and costs provision found in the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. In *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797 (6th Cir. 1996), the court held that "[b]ecause of the mandatory nature of the award of attorney's fees under the TILA and because the district court held that Eldridge violated this act, the district court appropriately considered the issue of attorney's fees. *The attorney's fees are not limited by the*

3

*amount of [plaintiff's] recovery.*" *Id.* at 801 (emphasis added).  The provisions in the TILA and the FDCPA relating to attorney's fees and costs have been held to be "virtually identical". *de Jesus*, 918 F.2d at 233.  Against this backdrop, the Court rejects Defendant's argument that Plaintiff is not a prevailing party within the meaning of the FDCPA.

      **B.**     **Attorney's Fees**

Having found Plaintiff to be the prevailing party in this matter, the Court must now consider the amount of attorney's fees appropriately awarded to Plaintiff.  "Because the same standards are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party,'" the Court "rel[ies] on precedents involving attorney fees without regard to whether they involved [the FDCPA] or some other federal statute." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (internal quotation omitted) (citing *Hensley v. Echerhart*, 461 U.S. 424 (1983)). *Isabel* sets forth the district court's task in calculating fees as follows:

> The trial court's initial point of departure . . . is the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate.  The reasonableness of the hours . . . is determined by considering twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undersirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Id.* (internal citation omitted).

To be sure, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (quoting *Hensley*, 461 U.S. at 436).  However, this Circuit has directed that "a reduction in attorney fees is to be applied only

in rare and exceptional cases where specific evidence in the record requires it." *Isabel*, 404 F.3d at 416 (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349-50 (6th Cir. 2000).

Plaintiff's counsel seeks $250 an hour for his 81.60 hours spent working on this case. Defendant attempts to categorize Plaintiff's counsel's hours based on whether he was working on Plaintiff's Complaint or defending Defendant's Counter-Claim. Defendant then argues that Plaintiff may only recover attorney's fees spent working on her Complaint. This distinction is irrelevant; Defendant brought on the additional work for Plaintiff by filing the counter-claim. Defendant was made plainly aware that it risked having to pay Plaintiff's attorney's fees if it lost. The Court finds $175 a more appropriate hourly rate, in light of the relative simplicity of this case. The Court does not consider this case is a "rare and exceptional" one with "specific evidence in the record" requiring an overall reduction in attorney's fees. *Id.* The Court finds Plaintiff is entitled to recover $14,280 in attorney's fees.

### C.    Costs

Plaintiff also seeks $815.75 in costs incurred during the case. The request is reasonable, and is only challenged by Defendant on the argument that much of the expense stems from defending the counter-claim. This argument was rejected above with respect to attorney's fees, and it is again unpersuasive in the context of costs. The Court awards Plaintiff $815.75 in costs.

### III.   CONCLUSION

For the foregoing reasons, the Court grants in part Plaintiff's Petition for Costs and Fees. Defendant must pay Plaintiff $14,280 in attorney's fees and $815.75 in costs, for an overall total of $15,095.75.

Accordingly,

IT IS ORDERED that Plaintiff's Petition for Costs and Fees **[Docket No. 16, filed November 15, 2004]** is GRANTED IN PART.


    s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT COURT

DATED: May 9, 2005